IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PATRICK KANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV422-101 |
| ) | |
| ALL AMERICAN LIQUOR LLC; ) | |
| AND MR. ANGEL LUIS ) | |
| SANTIAGO, SR., IN HIS ) | |
| INDIVIDUAL CAPACITY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff Patrick Kane, by and through counsel, and for his Complaint against Defendants All American Liquor LLC; and Mr. Angel Luis Santiago, Sr., in his individual capacity (hereinafter "Defendants") states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit to remedy Defendants' violation of the Fair Labor Standards Act ("FLSA") to recover from the Defendants unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et seq., and specifically under the provisions of 29 U.S.C. §§206, 207.

## THE PARTIES

2. At all times relevant, Plaintiff Kane was a citizen of the United States and a resident of Chatham County, Georgia.

3. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

4. Defendant All American Liquor LLC is a domestic limited liability company licensed to do business in Georgia and may be served by delivering a copy of this Complaint to Defendant's Registered Agent for Service of Process Angel Luis Santiago, Jr. at 5710 Ogeechee Rd, Box 230, Savannah, GA, 31405.

5. Defendant Angel Luis Santiago, Sr. ("Defendant Santiago") is a resident of Chatham County, Georgia and may be served by delivering a copy of this Complaint to Defendant Angel Luis Santiago, Sr. residence at 103 1st St, Tybee Island, Georgia 31328. Defendant Santiago is the manager of Defendant All American Liquor LLC and at all times relevant herein, Defendant Santiago exercised daily operational control over the business operations of Defendant All American Liquor LLC, including, but not limited to exercising control and discretion regarding employment decisions, scheduling employees for work, establishing and managing payroll policies and procedures involving overtime pay, establishing rates of compensation for individual employees, controlling expenditures of company funds, and issuing payroll to employees.

6. At all times relevant herein, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). At all times pertinent to this Complaint, Defendants operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and Defendants obtain and solicit funds from non-Georgia sources, accept funds from non-Georgia sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Georgia, and otherwise regularly engages in interstate commerce.

7. The annual gross revenue of the Defendants is at all times material hereto in excess of $500.000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements. In performing his duties for Defendants, Plaintiff used goods and products that had been moved or produced in interstate commerce.

8. At all times relevant herein, Defendants were and are an employer within the meaning of 29 U.S.C. § 203(d).

9. Defendants are subject to the FLSA, 29 U.S.C. §204 and §207.

## FACTS

10. Plaintiff was employed by Defendants as a sales clerk with his last term of employment for purposes of this lawsuit from at least February 12, 2020 until September 11, 2021 ("Covered Period"), and then as an hourly employee from September 11, 2021 until he was terminated on March 25, 2022.

11. Defendants mis-classified Plaintiff as an exempt salaried employee who was ineligible to receive overtime pay at a rate of time and one-half (1.5) for hours worked over forty (40) per week during the Covered Period.

12. Plaintiff was scheduled six (6) days a week and regularly worked between forty-two (42) and forty-five (45) hours per week and was suffered or permitted to work more hours than that without being paid for the hours worked.

13. During the Covered Period, Plaintiff was paid $45,000.00 annually and was paid bi-weekly, or approximately $865.38 per week based on a regular rate of $21.65 per hour based on a forty (40) hour work week. From September 11, 2021 to March 25, 2022, Plaintiff was paid $21.65 per hour for hours worked.

14. Beginning in April 2020, Defendants had Plaintiff keep track of his hours by clocking in through a homebased system. Defendants are in possession of the actual accurate daily hours worked by Plaintiff during the Covered Period.

15. Plaintiff was a non-exempt employee.

16. In his capacity, Plaintiff spent a vast majority of his worktime performing non-exempt duties such as performing general store clerk or cashier duties and sales duties.

17. Defendants did not pay him for all of his hours worked (minimum wage and overtime). Plaintiff was denied minimum wage and overtime pay.

## COUNT I - FAIR LABOR STANDARDS ACT
### (FLSA Minimum Wage Violations)

18. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

19. Plaintiff was not paid the minimum wage, contrary to the provisions of Section 6(a) of the FLSA (29 U.S.C. § 206(a)).

20. Defendants willfully and intentionally failed to pay Plaintiff the statutory minimum wage as required by the laws of the United States as set forth above and remains owing him back wages.

21. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid minimum wage compensation.

## COUNT II - FAIR LABOR STANDARDS ACT
### (FLSA Overtime Violations)

22. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23. At all times material hereto, Defendants failed to comply with the FLSA in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

24. Defendants violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

25. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff overtime wages as required by federal law.

26. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

27. Defendants knew or showed reckless disregard for its actions, policies, and/or omissions violated the FLSA.

28. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which he is entitled to judgment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor awarding the following relief:

A. Enter judgment awarding Plaintiff all unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d); all overtime compensation for all hours worked over forty (40) in a workweek at the applicable time and a half rate; an equal amount of liquidated damages as the unpaid wages and overtime compensation as provided by 29 U.S.C. §216; pre-judgment interest

pursuant to 29 U.S.C. §216; and costs, expert witness fees, and reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and

  B. Award Plaintiff such further and additional relief as may be just and appropriate.

  Respectfully submitted the 18th day of April, 2022.

            **CHARLES HERMAN LAW**

            /s/ Charles Herman
            Charles Herman
            Georgia Bar No. 142852
            *Attorney for Plaintiff*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com