IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PATRICK KANE, <br><br> *Plaintiff*, <br><br> v. <br><br> ALL AMERICAN LIQUOR LLC and ANGEL LUIS SANTIGO, SR. <br><br> *Defendants*. | Case No. 4:22-CV-00101-RSB-CLR |

### JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS WITH PREJUDICE

COMES NOW, Plaintiff Patrick Kane ("Kane" or "Plaintiff") and Defendants All American Liquor, LLC ("AAL") and Angel Santiago ("Santiago") (collectively "Defendants"), by and through their respective counsel, and jointly move the Court to (a) approve the settlement reached by the parties under the Fair Labor Standards Act ("FLSA"); and (b) dismiss the case with prejudice. As grounds for this Motion, the parties show this Honorable Court as follows:

### BACKGROUND

1. Defendant AAL is a Georgia limited liability company based in Pooler, Georgia.

2. Defendant Santiago is owner of Defendant AAL.

3. Plaintiff Kane was the manager of AAL from February 2020 through March 2022. From February 12, 2020 through September 11, 2021, Plaintiff was paid forty-five thousand dollars ($45,000) per year, or $865.38 per week. He was paid as an exempt employee, without overtime.

4. The Parties agree that Plaintiff's salary exceeded the salary threshold for exempt employees. Defendants contend that Plaintiff's duties, including his management of one or more

- 1 -

than employees, were consistent with those of exempt employees. Plaintiff contends that his job duties were not consistent with classification as an exempt employee. During the time Plaintiff was paid a salary, he was also given paid time off, including a full week to attend to personal matters.

5.     Starting September 12, 2021 and continuing through March 25, 2022, Plaintiff was paid on an hourly, not salary, basis. Plaintiff and Defendant had multiple discussions surrounding employment expectations. Defendants contend that Plaintiff was moved from salaried to hourly because he was not respecting regular work hours. Ultimately, it was agreed by Defendants and Plaintiff that it would be in everyone's best interest for Plaintiff to be moved to an hourly wage. Starting September 12, 2021, Plaintiff became responsible for clocking in and out to keep track of his time. As an hourly employee, Plaintiff was paid $21.65 an hour.

6.     Once Plaintiff started being paid hourly, pay records from that period show that he worked an average of just over 1.5 hours of overtime. There is no dispute about whether he was paid overtime during this period. The only period in dispute is the time during which Plaintiff was paid a salary, between February 2020 and September 11, 2021.

7.     There are no time records for the period Plaintiff was paid a salary because Defendants believed he was an exempt employee. Defendants contend that the hours worked during this period, from February 2020 to September 11, 2021, were consistent with the hours Plaintiff worked when he was paid hourly.

8.     On March 25, 2022, Plaintiff's employment with Defendant All American Liquor was terminated by Defendants.

9.     On April 22, 2022, Plaintiff filed this action against Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, e*t seq.* regarding disputed issues regarding the

payment of overtime wages. Plaintiff further contends that Defendants' violations were willful, and that he is entitled to liquidated damages and attorney's fees.

10. Defendants deny any wrongdoing and further deny that any alleged violation was willful. The Defendants maintain that Plaintiff was fully compensated for all hours worked as required by law; that the Defendants comply with applicable law regarding payment of wages; and that Defendants had reasonable grounds for believing that their actions were justified, proper, and lawful.

11. Should this litigation continue, the parties would engage in written discovery and depositions of parties and witnesses, as well as extensive motions practice regarding the issues raised herein, all of which are costly, burdensome, and uncertain to both parties.

12. The parties confirm that they have a bona fide dispute regarding whether Plaintiff is owed unpaid overtime wages, and, if so, whether liquidated damages should be assessed. The parties also dispute whether the two-year statute of limitations or the three-year statute of limitations (for willful violations) under the FLSA applies.

13. The parties have sought to find a resolution that would constitute a fair and reasonable settlement of all pending matters and would allow all parties to avoid the inconvenience and expense of continuing litigation in multiple forums.

## **SETTLEMENT**

14. Despite their bona fide dispute and without making any admissions, the parties have diligently engaged in settlement discussions and have reached an agreement regarding the underlying claims, pending the Court's approval of the settlement and dismissal of the FLSA Action with prejudice.

15. A copy of the parties fully executed FLSA Settlement and Release Agreement resolving Plaintiffs' claims in this case is hereby filed in the public record and attached hereto as Exhibit "1".

16. The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of these disputed issues. The Parties formulated their own proposed settlement figures and engaged in arm's length settlement discussions based upon these independent calculations.

17. For settlement purposes only, the parties have agreed that liquidated damages and attorney's fees will be assessed as part of the settlement. Additionally, Defendants have agreed to pay the costs of filing the lawsuit in order to reach a compromise.

18. The parties agree that should a two-year statute of limitations be applied, the total weeks for which overtime could be owed would be 73 weeks. If a three-year statute of limitations were applied, the total would be 83 weeks. In an effort to reach a compromise, the parties have agreed that Defendants will pay an additional 5 weeks, or 78 weeks, even though Defendants believe the two-year statute of limitations applies.

19. To facilitate a settlement, Defendants have agreed to pay an average of two hours of overtime per week, even though they contend that for many weeks Plaintiff worked no overtime and other weeks he worked less than 2 hours of overtime.

20. The parties respectfully submit that the foregoing is a reasonable compromise to resolve the disputes between the parties regarding Plaintiffs' FLSA claims in this action and therefore should be approved by the Court.

21. Counsel for the parties represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter.

22. Counsel for the parties represent that in their opinion the probability of success on the merits was not certain, and that Plaintiff faced a risk of losing his claim on the merits.

23. Counsel for the parties represent that, considering the evidence, the Defendants' defenses and the overall strengths and weaknesses of Plaintiffs' FLSA claims, it is their opinion that the parties' settlement represents a reasonable compromise of the FLSA claims based upon the likelihood of success on the merits, and the risks and uncertainties of litigation.

24. Counsel for the parties, in their respective opinions, concur that the settlement is fair and reasonable under the circumstances.

## ARGUMENT AND CITATION OF AUTHORITY

**A.     Standard of Review**

Judicial review and approval of a tentative FLSA settlement may be required to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). In the context of private FLSA lawsuits, the district court may approve a proposed settlement and dismiss the underlying lawsuit "after scrutinizing the settlement for fairness." *Id.* at 1352-53. Generally, this means the court will analyze whether the agreement is "fair, adequate, reasonable, and not the product of collusion." *See, e.g., George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1369 (N.D. Ga. 2019).

If the Court finds that these criteria are satisfied, it should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In determining whether the settlement is fair and reasonable the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of Plaintiff's success on the merits;

  (5) the range of possible recovery; and
  (6) the opinions of counsel.

*See Leverso v. S. Trust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994) (citing with approval factors used by district court to determine whether class action settlement was fair and reasonable); *Hamilton v. Frito-Lay, Inc.*, No. 605-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, No. 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007) (adopting class action settlement factors from *Leverso* for the FLSA settlement context); *see also Carmen Martinez v. Excel Hosp., LLC,* No. 1:16-CV- 1493-WSD, 2017 WL 359818, at *2 (N.D. Ga. Jan. 24, 2017); *Howard v. Peachtree Serv. Experts, LLC,* No. 1:09-CV-0935-WSD, 2009 WL 10671044, at *2 (N.D. Ga. Aug. 13, 2009). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 WL 328792, at *2 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Carmen,* 2017 WL 359818, at *2; *Howard,* 2009 WL 10671044, at *2.

**B. Approval of the Settlement Is Appropriate in This Case.**

  Courts have found no fraud or collusion in instances where both parties were represented by counsel and the amount to be paid to the plaintiff seemed reasonable. *See, e.g.*, *Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006). Counsel are ethically bound to "vigorously represent their clients' rights," which increases the probability of a fair and reasonable settlement. *Id.*; *Morris v. Augusta-Richmond Cnty., Ga.*, No. 1:14-CV-196, 2017 WL 1078643, at *1 (S.D. Ga. Mar. 21, 2017).

  In the instant action, each side is independently represented by experienced employment counsel well-versed in FLSA litigation. As discussed in *Helms*, counsel is obligated to vigorously defend their clients' rights, and have done so here. There was no fraud or collusion, as the terms of the proposed settlement were reached through arms-length negotiations and each party's

counsel concurs that the settlement is fair and reasonable under the circumstances. *See Hicks v. Vortex Marine Constr., Inc.*, No. 616CV1226ORL41TBS, 2017 WL 2664362, at *3 (M.D. Fla. June 7, 2017), *report and recommendation adopted*, No. 616CV1226ORL41TBS, 2017 WL 2655127 (M.D. Fla. June 19, 2017); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."); *Cantrell v. Bryan Cnty. Bd. of Educ. & Am. United Life Ins. Co.*, No. CV415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015).

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Morris v. Augusta-Richmond Cty., Georgia*, Case No. 1:14-CV-196, 2017 WL 1078643, at *2 (S.D. Ga. Mar. 21, 2017). Counsel for Plaintiff has an hourly rate of $300.00, which Counsel for Defendants will stipulate as a reasonable rate for attorneys of similar experience located in Savannah, Georgia. Counsel for Plaintiff has provided his time records for the Plaintiff as Attachment "A" to his *Attorney Declaration in Support of Fees* attached hereto as Exhibit "2" to this *Motion* showing that his cumulative attorney time of 12.2 hours multiplied by his hourly rate results in attorney's fees allocated to Plaintiff's FLSA claim equal to $3,660.00. Plaintiffs' costs include a $402.00 filing fee and $167.00 in service of process costs. Adding $569.00 in out-of-pocket costs to $3,660.00 in attorney's fees equals $4,229.00. The fees and costs were separately and independently negotiated with Defendants and reduced to $3,568.00 for purposes of settlement. The Parties submit that this award of fees and costs is reasonable.

The complexity, expense, and likely duration of the litigation also favor approval of the settlement. Should liability be determined in Plaintiff's favor, calculation of damages would also

be a lengthy and involved process. The range of possible recovery would depend on a number of factors, all of which are disputed, including without limitation (a) how much unpaid, overtime wages would be owed, (b) whether a two- or three-year statute of limitations would apply, and (c) whether liquidated damages would attach to any back wage allocation.

The parties remain in disagreement as to the merits of the claims and defenses asserted in this case. In a good faith attempt to avoid unnecessary expenses, the parties have engaged in lengthy discussions regarding settlement, acknowledging that continued litigation would be costly and the outcome uncertain. Settlement is advantageous for both parties to minimize future litigation risk and costs and also resolve the underlying issues raised in this lawsuit.

Resolving this case at this stage also advantages the parties because they have yet to engage in the extensive discovery and subsequent motions practice, which would be both inevitable and burdensomely expensive to all parties should this litigation continue. All the undersigned counsel are of the opinion that the proposed settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims. Neither the parties, nor the Court, would be served by continuing this matter despite the parties' agreement.

## **CONCLUSION**

WHEREFORE, the parties respectfully request that this Honorable Court enter an Order:

(1)     GRANTING this Motion;

(2)     APPROVING the settlement;

(3)     DISMISSING this case with prejudice subject to the Court's continuing jurisdiction to enforce the terms of the settlement agreement; and

(4)     ORDERING such further relief as the Court deems appropriate.

Respectfully submitted this 28th day of July, 2022.

| CHARLES HERMAN LAW | HALL, GILLIGAN, ROBERTS & SHANLEVER LLP |
|---|---|
| */s/ Charles Herman* <br> Charles Herman <br> Georgia Bar No: 142852 <br> charles@charleshermanlaw.com <br> 7 East Congress Street, Suite 611A <br> Savannah, Georgia 31401 <br> Telephone: (912) 244-3999 <br> Fax: (912) 257-7301 | */s/ Kristen Goodman* <br> Kristen W. Goodman <br> Georgia Bar No: 300881 <br> kgoodman@hgrslaw.com <br> 7402 Hodgson Memorial Drive, Suite 110 <br> Savannah, Georgia 31406 <br> Telephone: (912) 777-6636 <br> Fax: (404) 537-5555 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |