# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE (FLSA ACTION)

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Patrick Kane ("Kane" or "Plaintiff") on the one hand, and All American Liquor LLC ("AAL") and Mr. Angel Luis Santiago, Sr. ("Santiago") (collectively the "Defendants") on the other. Plaintiffs and Defendants collectively are the "Parties", and each individually is a "Party".

WHEREAS, Kane was employed by AAL from February 12, 2020 until September 11, 2021 as a salaried employee and as an hourly employee from September 12, 2011 until his termination on March 25, 2022; and

WHEREAS, Plaintiff Kane filed a Complaint against Defendants in the United States District Court for the Southern District of Georgia (the "Court"), *Patrick Kane v. All American Liquor LLC and Mr. Angel Luis Santiago, Sr., in his individual capacity*, Civil Case No. CV422-101 on April 22, 2022, alleging violations of his rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (the "FLSA Action"), and specifically alleging that Defendants improperly failed to pay certain overtime compensation to Plaintiff; and

WHEREAS, Defendants dispute and deny Plaintiff's allegations in their entirety; and

WHEREAS, a bona fide dispute therefore exists between the Parties as to Plaintiffs' allegations; and

WHEREAS, the Parties desire to fully settle and resolve all claims asserted in this Lawsuit, in order to avoid the uncertainty of litigation and the attendant inconvenience and expenses.

NOW, THEREFORE, in consideration of the terms and mutual promises contained herein, Plaintiff and Defendants agree to the following terms, which the Parties agree to be a fair and reasonable resolution of the case:

1. **No Admission.** Plaintiff recognizes and acknowledges that this Agreement does not constitute and shall not be construed as an admission by any of the Released Parties of a violation of any law, regulation, other legal right, or any right under the FLSA. It also does not constitute an admission that Defendants improperly denied Plaintiff overtime compensation, failed to pay him for all hours worked, or that Plaintiff is entitled to liquidated damages or to Attorney's fees, and Defendants each expressly deny such allegations. The Released Parties do not admit, and specifically deny, any wrongdoing, liability, or culpability arising out of, related to, or connected with Plaintiff's Lawsuit.

For purposes of this Agreement, the "Released Parties" shall mean AAL or any of its affiliates, or any owner, member, employee, manager, agent, representative, attorney, insurer, accountant, successor or assign of AAL or its affiliates; and Angel Luis Santiago, Sr., including any heirs, administrators, executors, legal representatives or assigns of Santiago.

2.      **Execution by Plaintiff and Necessity of Court Approval.** Upon the execution of this Agreement by the Plaintiff, the Parties shall seek the Court's approval of the terms of this Agreement and dismissal with prejudice of all Plaintiff's claims via joint motion.

The payment obligations of the Agreement shall not become binding on Defendants until the date on which the Court issues an order approving the Agreement and dismisses the FLSA Action with prejudice as to all Parties who are signatories to the Agreement. Should the Court not approve the Agreement in its entirety for any reason, the Parties will make reasonable efforts to renegotiate the Agreement and shall seek the Court's approval of the renegotiated Agreement.

3.      **Consideration.** In lieu of incurring litigation costs associated with this lawsuit and in consideration for the parties' execution of this Agreement the parties agree to the following:

A payment to Plaintiff Kane in the amount of **$ $13,701.76**, of which $5,066.88 shall be deemed wages subject to withholding obligations and reported on a Form W-2, and $5,066.88 as liquidated damages, subject to applicable taxes, and $3,568.00 shall be allocated as Plaintiff's attorney's fees, expenses and costs (the "Kane Settlement Amount"). The Kane Settlement Amount will be paid the form of a single check issued by Defendants, AAL and Santiago, payable to the law firm of Charles Herman Law, and mailed via Certified Mail or other delivery service that can be tracked, to Plaintiff's counsel of record, Charles Herman, Charles Herman Law, 7 E. Congress Street, Suite 611A, Savannah, GA 31401.

Plaintiff agrees that he has had an opportunity to raise any and all claims he has against Defendants in this action relating to compensation, including any claim that he is owed wages, overtime wages, liquidated damages, interest and/or any other penalties or damages under the FLSA. Plaintiff further agrees that neither he nor his attorney is due or will make any further claim for additional compensation, attorneys' fees, costs, or damages against the Released Parties relating to any of the claims released by this Agreement.

Plaintiff Kane shall not be entitled to receive, and Defendants shall not be obligated to pay, any portion of the Kane Settlement Amount until ten (10) business days following the date on which all of the following have occurred: (i) the Plaintiff has executed this Agreement; (ii) the Plaintiff has returned an executed copy of this Agreement to defense counsel to provide to Plaintiff's counsel (Kristen W. Goodman, at the law firm of Hall, Gilligan, Roberts & Shanlever, LLP, 7402 Hodgson Memorial Drive, Suite 110, Savannah, Georgia 31406, kgoodman@hgrslaw.com); (iii) this Agreement has not been revoked or rescinded pursuant to the terms of this Agreement by any party; (iv) the Parties file with the Court a Joint Motion to Approve Settlement and Dismiss the FLSA Action with Prejudice in a form satisfactory to both Parties; (v) the Court grants the Parties' Joint Motion; and (vi) the FLSA Action, and all claims by the Plaintiff, has been dismissed by the Court with prejudice.

4.      **No Assignment.** Plaintiff represents, covenants, and warrants that no portion of any liability, claim, demand, action, cause of action or rights released in this Agreement have been directly or indirectly assigned, transferred, or encumbered. Plaintiff further represents, covenants, and warrants that no person, firm, or other entity has asserted, currently asserts, or to Plaintiff's

knowledge will assert, a lien or claim of lien with respect to any payment made pursuant to this Agreement.

5. **Release of Claims by Plaintiff.** In consideration for this Agreement, Plaintiff, for himself and his successors and assigns, hereby settles, waives, releases, and discharges the Released Parties from any and all claims, demands, liabilities, damages, costs, and expenses (including attorneys' fees and legal expenses) of any nature whatsoever asserted in the FLSA Action.

6. **Binding and Irrevocable Upon Execution.** Plaintiff acknowledges and agrees that this Agreement shall be binding against him and irrevocable by him upon execution of the Agreement by him. For the purposes of this Agreement, a "material breach" shall mean the failure of either party to submit this Agreement, along with a Motion to Approve Settlement Agreement and Dismiss with Prejudice, to the Court for approval. In the event of a material breach by either party, the non-breaching party shall be entitled to immediate injunctive relief, including, but not limited to, specific performance and/or enforcement of this Agreement.

7. **Non-Participation.** Plaintiff agrees not to sue, arbitrate, or to authorize anyone else to file claims in a lawsuit or arbitration on his behalf against the Released Parties related to the claims released in this Agreement. Plaintiff also agrees to opt out of any class action and not to become a member of any collective action against any of the Released Parties asserting any claims released in this Agreement.

8. **Complete Relief.** Plaintiff Kane expressly acknowledges that, upon receipt of the Kane Settlement Amount, he will have received all compensation he contends he is owed for any work he claims to have performed for any of the Defendants through the date he executes this Agreement. Plaintiff expressly acknowledges that, upon execution of the settlement agreement, he will have received adequate and valuable consideration for dismissing his claims raised against Defendants AAL and Santiago in the FLSA Action for allegedly failing to pay Kane unpaid overtime wages through the date he executes this Agreement.

9. **Duty of Cooperation in Obtaining Court Approval.** The Parties agree to cooperate in obtaining expeditious final approval of this Agreement and dismissal of the FLSA Action with prejudice. The Parties will file with the Court a Proposed Order and Joint Motion to Approve Settlement and Dismiss with Prejudice with the Court. The Proposed Order will adjudge the terms of this Agreement to be fair, reasonable, and adequate, and shall provide for the dismissal of the FLSA Action on the merits, with prejudice, in accordance with the terms of this Agreement.

10. **Entire Agreement.** This Agreement constitutes and contains the entire agreement and understanding between the Plaintiff and Defendants and supersedes all prior negotiations and agreements between them concerning the same subject matter, whether written or oral.

11. **Construction.** Plaintiff and Defendants agree that the terms and conditions of this Agreement are the result of arms-length negotiations between them, and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any Party or the Party's counsel participated in the drafting of this Agreement.

12. **Modification and Waiver.** Plaintiff and Defendants agree that this Agreement may not be amended, supplemented, or modified except by written agreement signed by the affected Party and with approval by the Court. The Parties agree that the failure by a Party to enforce any right or privilege under this Agreement shall not be deemed to constitute a waiver of any rights or privileges set forth herein.

13. **Binding on Assigns.** The benefits and obligations under this Agreement shall be binding upon, or inure to the benefit of, each Party's heirs, trustees, executors, administrators, successors, and assigns.

14. **Counterparts.** This Agreement may be executed in counterparts, and, when taken together with other signed counterparts, will constitute one Agreement. A facsimile or scanned copy of a signature of a Party to this Agreement shall be as acceptable as an original.

15. **Electronic Signatures.** Each Party agrees that this Agreement and any other documents to be delivered in connection herewith may be electronically signed, and that any electronic signatures appearing on this Agreement, or such other documents are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility. Counsel for each Party has overseen their respective clients'/client's placement of the clients'/client's electronic signatures and has independently confirmed that the electronic signature was placed by the client/clients.

16. **Governing Law.** Except to the extent governed by federal law, this Agreement shall be interpreted and enforced pursuant to the statutes and common law of the State of Georgia, excluding any law that mandates the use of another jurisdiction's laws.

17. **Jurisdiction.** The United States District Court for the Southern District of Georgia, Savannah Division has jurisdiction over the Parties and the subject matter of this action. If the Agreement is approved, the District Court will retain jurisdiction of the action with respect to the claims resolved by this Agreement solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein. Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the United States District Court for the Southern District of Georgia, and the Parties hereby consent to the personal jurisdiction and subject matter jurisdiction of the said District Court in connection therewith.

18. **Severability.** The Parties agree that the covenants of this Agreement are severable and that if any clause is deemed unlawful or unenforceable, the entire Agreement shall not fail but shall be construed and enforced to the fullest extent permitted by law after modification or deletion of the unenforceable clause.

19. **Voluntary and Knowing.** This Agreement is executed voluntarily by, and without any duress or undue influence upon, each Party on his/her/its own behalf.

20. **Acknowledgment.** Angel Luis Santiago, Sr. affirms that he is authorized by All American Liquor, LLC to sign this Agreement on All American Liquor, LLC's behalf.

21. **Fees and Costs.** Each Party agrees to bear his or its own fees and costs.

By signing this Agreement, Plaintiff acknowledges and warrants that:

(a) He has carefully read and fully understands every provision of this Agreement, including without limitation, the release of all claims listed herein, above;

(b) He understands that upon his execution of this Agreement and the Court's approval of the Parties' settlement, the FLSA Action filed in the U.S. District Court for the Southern District of Georgia and all of his claims will be dismissed with prejudice and he cannot refile his claims in any court or any arbitration;

(c) He has been advised to consult with an attorney, and he has consulted with the attorney representing him before deciding to sign this Agreement;

(d) He accepts this Agreement knowingly and voluntarily, and he was not intimidated, coerced, or pressured to sign it.

**PATRICK KANE**

_____  7-22-22
Patrick Kane             Date

**Counsel for Plaintiff:**

_____  7/27/22
Charles Herman           Date
7 East Congress Street, Suite 611 A
Savannah, Georgia 31401

**For All American Liquor, LLC:**

_____  7/25/22
Name: Angel Luis Santiago, Sr.   Date
Its: Member/Manager

**ANGEL LUIS SANTIAGO, SR.:**

_____  7/25/22
Angel Luis Santiago, Sr.   Date

**Counsel for Defendants:**

_____     7-26-22
Kristen W. Goodman                              Date
Hall, Gilligan, Roberts
& Shanlever LLP
7402 Hodgson Memorial Drive
Suite 110
Savannah, Georgia 31406